IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THONY BEAUBRUN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:20-CV-50-MTT |
| | : | |
| JACKSON DIAGNOSTIC AND CLASSIFICATION PRISON, *et al.*, | : | |
| | : | |
| | : | ORDER |
| **Defendants.** | : | |
| _____ | : | |

Plaintiff Thony Beaubrun, a prisoner at Dodge State Prison in Chester, Georgia, filed a 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Georgia.  ECF No. 1.  He also filed an Affidavit and Authorization for Withdrawal from Inmate Account.  ECF No. 2.  The United States District Court for the Northern District of Georgia transferred the action to this Court.  ECF No. 3.  The Court construes Plaintiff's Affidavit and Authorization for Withdrawal from Inmate Account as a motion to proceed *in forma pauperis* and **GRANTS** the motion for purposes of this dismissal alone.  The Court **DISMISSES** Plaintiff's complaint without prejudice for failure to follow the Court's instructions and failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915A(b).

*I. STANDARD OF REVIEW*

The Court may dismiss a complaint if a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b);  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir.2005) (stating that a district court may *sua sponte* dismiss a case under the

1

authority of either Rule 41(b) or the court's inherent power to manage its docket); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citations omitted). The Court properly dismisses a complaint when a *pro se* plaintiff fails to amend his complaint after the district court has pointed out the original complaint's deficiencies and allowed a chance to amend. *Taylor v. Spaziano*, 251 F. App'x 616, 620-21 (11th Cir. 2007) (district court did not abuse its discretion when it dismissed without prejudice plaintiff's amended complaint that contained the same deficiencies as his original complaint).

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)

2

(explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. PROCEDURAL HISTORY AND ANALYSIS OF CLAIMS

Plaintiff's original complaint contained general allegations regarding the unsanitary and unsafe living conditions at the Georgia Diagnostic and Classification Prison. ECF No. 1. Plaintiff also set forth the seemingly unrelated claim that he was denied a dental appointment. *Id.* The Magistrate Judge determined that Plaintiff's original complaint suffered from numerous deficiencies. He, therefore, ordered Plaintiff

3

to file an amended complaint.  ECF No. 7.  The Magistrate Judge told Plaintiff exactly what the deficiencies were:  (1) Plaintiff failed to attribute any acts or omissions to his named Defendants; (2) Plaintiff's complaint set forth only conclusory allegations; (3) the Georgia Diagnostic and Classification Prison and the State of Georgia are shielded from liability by the Eleventh Amendment to the United States Constitution; (4) fictitious party practice is not allowed; (5) Plaintiff failed to allege how Warden Benjamin Ford violated his rights; (6) Plaintiff could only raise related claims; and (7) Plaintiff was no longer housed at the Georgia Diagnostic and Classification Prison so his request for injunctive relief was moot.  *Id.*

Plaintiff was instructed to file an amended complaint.  *Id.*  The Magistrate Judge told Plaintiff to provide sufficient and specific factual allegations to permit the Court to review his complaint.  *Id.*  Plaintiff was instructed that his amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts, including dates and location, to show why each person was being sued.  *Id.*  Plaintiff was told it was futile to name the State of Georgia and the Georgia Diagnostic and Classification Prison as Defendants.  *Id.*  Plaintiff was also told that unnamed John and Jane Does would be dismissed.  *Id.*

Plaintiff filed his amended complaint.  ECF No. 8.  Unfortunately, Plaintiff failed to follow the Magistrate Judge's instructions.  His amended complaint is basically the same as his original complaint.  His action is subject to dismissal on this basis alone.  *Taylor*, 251 F. App'x at 620-21.

In his amended complaint, Plaintiff names both "Jackson Diagnostic and

Classification Prison," ECF No. 8 at 1, which the Court assumes is actually the "Georgia Diagnostic and Classification Prison," and the State of Georgia, *Id*. at 4, as Defendants. As Plaintiff was already told, the Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies, such as the Georgia Diagnostic and Classification Prison, regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought."); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989). Thus, any claims against these two Defendants must be dismissed.

Despite being told that fictitious party practice is not permitted, Plaintiff names John and Jane Doe as Defendants. Doc. 8 at 4. Any claims against John and Jane Doe must be dismissed. The Court has no way of identifying and serving unnamed, unidentified Defendants.

This leaves only Warden Benjamin Ford. *Id*. But Plaintiff has once again failed to link Warden Ford to any of his claims. Plaintiff was told that it is not sufficient to simply list the names of Defendants in the heading of his complaint; he must link those named Defendants with the allegations in this complaint. ECF No. 7 at 5. He was specifically instructed that he must show an affirmative link between Warden Ford and any alleged constitutional deprivation. *Id*. at 4 (citing *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985)). Plaintiff completely failed to provide any link between Warden Ford and his allegations regarding the living conditions at the Georgia Diagnostic and Classification Prison. Ford is due to be dismissed for this reason alone.

Despite being told that his transfer from the Georgia Diagnostic and Classification Prison mooted his request for injunctive relief, Plaintiff once again asks for both a preliminary and a permanent injunction "ordering Defendants to desist the inhumane treatment and conditions inflicted upon me." Doc. 8 at 6. Injunctive relief is unavailable to Plaintiff. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Plaintiff complains about the living conditions that existed in the J Building, Dorm 2. ECF No. 8 at 5. Specifically, he calls the conditions "deplorable" and complains about over-crowding, "despicable sanitation," "toxic air quality," black mold in the bathroom, rotted fixtures due to the moisture level, leaky ceilings, and insects. *Id*. Plaintiff also states that there were safety violations, including exposed and unsecured metal or plastic rods. *Id*.

The Court construes these complaints to raise a potential Eighth Amendment conditions of confinement claim. ECF No. 1 at 4-5. To establish an Eighth Amendment violation, Plaintiff would have to prove "three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant's 'deliberate indifference' to that condition, and (3) causation." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (citations omitted). Whether a condition of confinement constitutes cruel and unusual punishment is an objective inquiry. *Wilson v. Seiter*, 501 U.S. 294, 290 (1991). Whether prison officials are deliberately indifferent to that condition is a subjective inquiry. *Id.*

Only when prison conditions result in "unquestioned and serious deprivation of

6

basic human needs" are they considered cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation and quotation marks omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347.

Extreme deprivations are, therefore, required to state a conditions-of-confinement claim under the Eighth Amendment. *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004). "[A]t the very least[,]" a plaintiff must "show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." *Id*.

Plaintiff's various complaints about the conditions that existed in the J Building, Dorm 2 at the Georgia Diagnostic and Classification Prison do not rise to the level of extreme deprivations. His allegations are general and conclusory and although he states the "deplorable" conditions destroyed his health, ECF No. 8 at 6, he fails to tell the Court how his health was impacted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted).

Only when a prison official "knowingly or recklessly disregard[s] an inmates' basic needs" can he be found to be "deliberately indifferent." *LaMarca*, 995 F.2d at 1535. To establish deliberate indifference, "a plaintiff must prove that the official

possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'"  *Id.* at 1535 (citation omitted).

Plaintiff has failed to link any Defendant to his allegations.  He has, therefore, completely failed to allege that any official was deliberately indifferent to the conditions he describes.

Finally, § "1983 'requires proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation.'"  *Id.* at 1538 (citations omitted).  Again, despite being told that he needed to link the named Defendants' actions or inactions to his allegations and being given the opportunity to amend his complaint, Plaintiff fails to allege how any named Defendant is connected to his claim.  Thus, he has not alleged a causal connection between any Defendants' actions and the alleged Eighth Amendment conditions of confinement violations.

For these reasons, Plaintiff's 42 U.S.C. § 1983 action is **DISMISSED** without prejudice for his failure to follow the Court's instructions and failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 16th day of June, 2020.

s/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT